SIGAL CHATTAH
United States Attorney
Nevada Bar Number 8264
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
jessica.oliva@usdoj.gov

LORINDA LARYEA
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
MONICA COOPER
Trial Attorney
1000 Louisiana, Ste. 2300
Houston, TX 77002
Tel: (202) 262-1916
monica.cooper@usdoj.gov

*Attorneys for the United States of America*

FILED
JUL 16 2025
US DISTRICT COURT
DISTRICT OF NEVADA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARY HUNTLY,

Defendant.

No. 2:25-CR- 183-JCM-DJA

**Plea Agreement for Defendant Mary Huntly Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B)**

This plea agreement between Mary Huntly ("defendant"), the Fraud Section of the Criminal Division of the U.S. Department of Justice, (the "Fraud Section"), and the United States Attorney's Office for the District of Nevada (collectively with the Fraud Section, the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, restitution, and forfeiture in the above-captioned case. This

agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371;

b. Stipulate to the facts agreed to in this agreement;

c. Abide by all agreements regarding sentencing contained in this agreement;

d. Not seek to withdraw defendant's guilty plea once it is entered;

e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f. Not commit any federal, state, or local crime;

g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

h. Before and after sentencing, upon request by the Court, the USAO, or the

Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information;

i. To facilitate payment of any fine, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court;

j. Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding; and

k. The forfeiture of the property, the imposition of the forfeiture on the property, and the imposition of the in personam criminal forfeiture money judgment as set forth in this plea agreement, the Forfeiture Allegation of the Criminal Information, any Bills of

Particular of, and court orders of, assets not currently identified as specific property subject to forfeiture or cannot currently calculate the total amount of the in personam criminal forfeiture money judgment.

## II. THE USAO'S OBLIGATIONS

2. The USAO agrees to:

a. Stipulate to facts agreed to in this agreement;

b. Abide by all agreements regarding sentencing contained in this agreement;

c. At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1 and move for an additional one-level reduction if available under that section; and

d. Not bring any additional charges against defendant arising out of the factual basis set forth in this agreement. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

3. Count One: The elements of Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks under 18 U.S.C. § 371 are as follows:

With regard to the first object, conspiracy to defraud the United States:

<u>First</u>: That there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of Medicare by deceitful or dishonest means as charged in the information;

<u>Second</u>: That the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

<u>Third</u>: That one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

With regard to the second object, conspiracy to pay and receive health care kickbacks:

<u>First</u>: That the defendant and at least one other person agreed to commit the crime of soliciting, receiving, offering, or paying remuneration for ordering items, or referring Medicare beneficairies for the furnishing or items, for which payment may be made in whole or in part by Medicare;

<u>Second</u>: The defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

<u>Third</u>: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the information, in order to accomplish some object or purpose of the conspiracy.

*See* Ninth Circuit Model Criminal Jury Instruction 11.1, 11.2, and 24.26 (rev. November 2024).

**IV. CONSEQUENCES OF CONVICTION**

4. <u>Maximum Statutory Penalties</u>: Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 371 as charged in Count 1, is: a fine of up to $250,000, or twice the gain or loss from the crime, imprisonment for

not more than five years, or both, up to three years' supervised release, and a mandatory special assessment of $100.

5. Restitution: Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in USSG § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $9,105,563 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

6. Criminal Forfeiture: Defendant understands that the district court will impose the forfeiture of the property and the in personam criminal forfeiture money judgment and issue orders of assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment.

7. Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

8. Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised

release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9. Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

10. Potential Collateral Consequences of Conviction: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Potential Removal/Deportation Consequences of Conviction: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised her about the deportation risks of her guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

a. Beginning in or around July 2022, and continuing through in or around April 2024, within the District of Nevada and elsewhere, Defendant knowingly and willfully conspired with others to defraud the United States and to offer, pay, solicit, and receive illegal health care kickbacks in violation of Title 18, United States Code, Section 371.

b. Medicare is a "health care benefit program," and defined in 18 U.S.C. § 24(b), and a "federal health care program," as defined in 42 U.S.C. § 1320a-7b(f).

c. Defendant is a licensed nurse practitioner in Nevada.

d. "Company 1" was an enrolled Medicare provider and submitted claims to Medicare for payment. Company 1 was a provider of products, including amniotic wound allografts, distributed and sold by Company 3. Defendant owned Company 1.

e. "Company 2" was a marketer of amniotic wound allografts, including allografts sold by Company 3. "Sales Representative 1" owned Company 2.

f. "Company 3" was a wholesale distributor of various amniotic wound allografts.

g. Defendant agreed with Sales Representative 1 and others to order and apply allografts billed to Medicare that were medically unreasonable and unnecessary, ineligible for Medicare reimbursement, and procured through kickbacks and bribes.

h. Company 1 purchased allografts from Company 3 that were ordered and applied by Defendant and other providers. When Company 1 purchased allografts from Company 3: (a) Company 1 and Defendant received illegal kickbacks from Company 3 in exchange for ordering and purchasing the allografts; and (b) Company 2 and Sales Representative 1 received illegal kickbacks from Company 3 in exchange for arranging for and recommending the allograft orders and purchases.

i. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the Defendant and her co-conspirators committed or caused to be committed various acts in the District of Nevada and elsewhere, including but not limited to, the following:

i. On or about July 17, 2022, the Defendant signed a rebate agreement with Company 3 for the purchase of amniotic allografts.

ii. On or about September 23, 2022, Company 3 provided the Defendant an invoice showing the full price of the amniotic allografts to be applied to "Medicare Beneficiary 1."

iii. On or about October 6, 2022, the Defendant submitted or caused to be submitted a claim for approximately $60,800 to Medicare for reimbursement for amniotic allografts applied to Medicare Beneficiary 1. Medicare paid Company 1 approximately $47,667.20 on that claim.

iv. On or about October 12, 2022, Company 3 provided the Defendant an invoice showing the rebated price of the amniotic allografts applied to Medicare Beneficiary 1.

v. On or about October 31, 2022, the Defendant paid Company 3 the rebated price of the amniotic allografts applied to Medicare Beneficiary 1.

vi. On or about February 12, 2023, the Defendant entered into a joint venture agreement with Company 3.

vii. On or about May 2, 2023, the Defendant received an illegal kickback and bribe in the form of a wire in the amount of approximately $319,040 that was drawn on the joint venture's bank account ending in 0011, which was deposited into bank account ending in 3221 in the name of Company 1.

viii. On or about October 4, 2023, the Defendant received an illegal kickback and bribe in the form of a wire in the amount of approximately $412,142 that was drawn on the joint venture's bank account ending in 0011, which was deposited into bank account ending in 3221 in the name of Company 1.

j. From approximately September 2022 through approximately April 2024, Defendant caused Company 1 to bill Medicare approximately $14,333,550 for allografts purchased from Company 3, and applied by Defendant and other providers, that were medically unreasonable and unnecessary, ineligible for Medicare reimbursement, and/or procured through kickbacks and bribes. Medicare paid Company 1 approximately $9,105,563 based on those false and fraudulent claims. $9,105,563 is the total improper benefit conferred attributable to Defendant's conduct.

k. Because the Medicare program depends upon the honesty of medical providers who submit claims, Defendant abused a position of trust under USSG § 3B1.3.

## VI. SENTENCING FACTORS

13. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable

sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14. Offense Level Calculations: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range, except as expressly noted in the following paragraphs:

| | |
|---|---|
| Base Offense Level [USSG § 2B4.1]: | 8 |
| Improper Benefit Conferred More Than $3.5 million [USSG § 2B1.1(b)(1)(J)]: | +18 |
| Abuse of Trust [USSG § 3B1.3]: | +2 |
| Adjusted Offense Level: | 28 |

Defendant and the USAO reserve the right to argue whether other specific offense characteristics, adjustments, and departures under the sentencing guidelines are appropriate.

The parties further agree that, if, at the time of sentencing, the district court determines that defendant has not received any criminal history points from Chapter Four, Part A, the parties will jointly recommend that defendant receive a two-level reduction pursuant to § 4C1.1(a).

15. Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

16. Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

17. Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court

regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

18. The USAO will recommend that the district court sentence defendant at the low end of the advisory guideline range as determined by the district court. Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553.

19. Defendant acknowledges that the district court does not have to follow the recommendation of either party.

20. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

21. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

22. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty;

b. The right to a speedy and public trial by jury;

c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against defendant;

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings (unless specifically reserved in the following section).

## IX. WAIVER OF APPELLATE RIGHTS

23. Waiver of Appellate Rights: Defendant knowingly and expressly waives the right to appeal: (a) any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; and any order of restitution or forfeiture.

24. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

25. Waiver of Post-Conviction Rights: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

26. Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. FORFEITURE

27. Defendant knowingly and voluntarily:

a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

i. any and all property with the requisite nexus to violations of 18 U.S.C. § 371 under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C); and

ii. an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property);

b. Agrees to the district court imposing an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C), and that the property will be applied toward the payment of the money judgment;

c. Agrees to the civil judicial forfeiture and the criminal forfeiture of the property, the in personam criminal forfeiture money judgment, and issue orders of assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets;

d. Forfeits the property, agrees to the substitution and forfeiture of defendant's other assets to satisfy the in personam criminal forfeiture money judgment to the United States, and agrees the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C);

e. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property, the substitution and forfeiture of defendant's other assets to satisfy the in personam criminal forfeiture money judgment, and court ordered assets not currently

identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment;

f. Waives defendant's rights to any civil judicial forfeiture proceedings, any criminal forfeiture proceedings of the property, any criminal forfeiture proceedings of the in personam criminal forfeiture money judgment, any substitution and forfeiture of defendant's other assets, and court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment (proceedings);

g. Waives service of process of any and all documents filed in any proceedings concerning the property, the in personam criminal forfeiture money judgment, any substitution and forfeiture of defendant's other assets, and court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment arising from the facts and circumstances of this case;

h. Waives any further notice to defendant, defendant's agents, and defendant's attorney regarding the forfeiture and disposition of the property, the in personam criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets, and court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment;

i. Agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the property, the in personam criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets, and court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total

amount of the in personam criminal forfeiture money judgment; agrees not to contest, and agrees not to assist any other person and entity to contest, the property, the in personam criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets; and court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment and agrees to withdraw immediately any claim, answer, petition, and other documents in any proceedings;

j. Waives all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the seizure of the assets, the forfeited assets, the criminal forfeiture money judgment, and the forfeited substituted assets in any proceedings under the Fourth Amendment to the United States Constitution;

k. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, the forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, the substitution and forfeiture of defendant's other assets, and the court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment, and any and all constitutional, statutory, legal equitable rights, defenses, and claims regarding the property, the in personam criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment in any proceedings, including,

but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

l. Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the in personam criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

m. Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the in personam criminal forfeiture money judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

n. Agrees to the entry of an Order of Forfeiture of the property, the in personam criminal forfeiture money judgment, and the court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment the substitution and forfeiture of defendant's other assets to the United States;

o. Waives the right to appeal any Order of Forfeiture;

p. Agrees and understands the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the property, the in personam criminal forfeiture money

judgment, the substitution and forfeiture of defendant's other assets, and the court ordered assets not currently identified as specific property subject to forfeiture and cannot currently calculate the total amount of the in personam criminal forfeiture money judgment to satisfy the money judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon defendant in addition to the forfeiture;

/ / /

q. Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e);

r. Acknowledges the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

s. Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets, substituted and forfeited assets, and subsequently located assets which may be used to satisfy the in personam criminal forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property and the in personam criminal forfeiture money judgment amount represent proceeds of illegal conduct and are forfeitable. Defendant shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the USAO all assets and financial interests valued at more than $1,000. Defendant understands these assets and financial interests include all assets and financial interests that defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant

shall also identify all assets valued at more than $1,000 which defendant has transferred to third parties or diverted from defendant, directly to third parties, since October 2021, including the location of the assets and the identity of any third party; and

t. Admits the property and the in personam criminal forfeiture money judgment amount, yet to be identified and calculated, are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 42 U.S.C. § 1320a-7b(b)(1) and (b)(2), specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or 18 U.S.C. § 371, conspiracy to commit such offense and (2) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(1) and (b)(2), involving a Federal health care offense as defined in 18 U.S.C. § 24 and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

28. Consequence of Withdrawal of Guilty Plea: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such

action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

29. Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

30. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this agreement.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

33. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

34. Defendant acknowledges that:

a. Defendant read this agreement and defendant understands its terms and conditions.

b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

35. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

36. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

37. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

38. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

39. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

SIGAL CHATTAH
United States Attorney

Jessica Oliva
JESSICA OLIVA
Assistant United States Attorney

06/20/2025
Date

MONICA COOPER
Trial Attorney

06/20/2025
Date

MARY HUNTLY
Defendant

6-20-25
Date

CRANE POMERANTZ
Attorney for Defendant Mary Huntly

6/20/25
Date