1                IN THE UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF NEVADA

3    UNITED STATES OF AMERICA,      )
                                    ) Case No. 2:25-cr-00183-JCM-DJA
4              Plaintiff,           )
                                    ) Las Vegas, Nevada
5    vs.                            ) July 16, 2025
                                    ) 10:01 a.m. - 10:35 a.m.
6    MARY HUNTLY,                   ) Courtroom 6A
                                    ) CHANGE OF PLEA
7              Defendant.           )
     _____)  *CERTIFIED COPY*

8

9               REPORTER'S TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE JAMES C. MAHAN
10               UNITED STATES DISTRICT COURT JUDGE

11

12   APPEARANCES:

13   For the Government:  **JESSICA OLIVA, AUSA**
                          *UNITED STATES ATTORNEY'S OFFICE*
14                        *501 Las Vegas Boulevard South, Suite 1100*
                          *Las Vegas, Nevada 89101*
15                        *(702) 388-6336*

16

17   (Appearances continued on page 2.)

18

19

20

21   Court Reporter:      Amber M. McClane, RPR, CRR
                          United States District Court
22                        333 Las Vegas Boulevard South, Room 1334
                          Las Vegas, Nevada 89101
23

24   Proceedings reported by machine shorthand.  Transcript
     produced by computer-aided transcription.
25

1    APPEARANCES CONTINUED:

2    For the Defendant:

3         ***CRANE M. POMERANTZ, ESQ.***
          *CLARK HILL LLC*
4         *1700 South Pavilion Center Drive, Suite 500*
          *Las Vegas, Nevada 89135*
5         *(702) 862-8300*

6                              *  *  *  *  *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

```
 1          LAS VEGAS, NEVADA; WEDNESDAY, JULY 16, 2025; 10:01 A.M.

 2                           --o0o--

 3                    P R O C E E D I N G S

 4          COURTROOM ADMINISTRATOR:  Please rise.

 5          THE COURT:  All right.  Thank you.  You may be

 6   seated.

 7          COURTROOM ADMINISTRATOR:  This is the time set for a

 8   change of plea.  Calling Case 2:25-cr-183-JCM-DJA, United

 9   States of America versus Mary Huntly.

10          Counsel, please make your appearances for the record.

11          MS. OLIVA:  Good morning, Your Honor.  Jessica Oliva

12   for the United States.

13          THE COURT:  Thank you.

14          MR. POMERANTZ:  Good morning, Your Honor.  Crane

15   Pomerantz on behalf of the defendant, Mary Huntly, who's

16   present out of custody.

17          THE COURT:  Thank you, Mr. Pomerantz.

18          All right.  Everybody ready to proceed this morning?

19          MS. OLIVA:  Yes, Your Honor.

20          MR. POMERANTZ:  Yes, sir.

21          THE COURT:  All right.  Let me ask you and the

22   defendant to approach the lectern.  I need each one of you by

23   a microphone.

24          I'm going to have the clerk swear the defendant.

25          COURTROOM ADMINISTRATOR:  Please raise your right
```

1    hand.

2        *(Defendant sworn.)*

3            **THE DEFENDANT:**  Yes, I do.

4            **THE COURT:**  All right.  Ms. Huntly, do you understand

5    that, having been sworn, your answers to my questions are

6    subject to the penalties of perjury if you do not answer

7    truthfully?

8            **THE DEFENDANT:**  Yes, Your Honor.

9            **THE COURT:**  All right.  Mr. Pomerantz, has the

10   defendant been furnished with a copy of the charge against

11   her?

12           **MR. POMERANTZ:**  Yes, sir.

13           **THE COURT:**  Does she waive the reading of the

14   criminal information?

15           **MR. POMERANTZ:**  Yes, sir.

16           **THE COURT:**  All right.  Ms. Huntly, do you understand

17   the charge against you?

18           **THE DEFENDANT:**  Yes, Your Honor.

19           **THE COURT:**  Do you read, write, and understand the

20   English language?

21           **THE DEFENDANT:**  Yes, Your Honor.

22           **THE COURT:**  Some of these questions are going to seem

23   a little simple, but it's just to make a perfect record.  You

24   understand?

25           **THE DEFENDANT:**  Yes, Your Honor.

1     **THE COURT:** All right. Will you please let me know

2     if you have any difficulty understanding me or understanding

3     what's happening so I can correct the situation?

4          **THE DEFENDANT:** Yes, Your Honor.

5          **THE COURT:** Do you understand that --

6        *(Defendant confering with counsel.)*

7          **MR. POMERANTZ:** Sorry, Your Honor.

8          **THE COURT:** That's all right. Do you understand that

9     you have a constitutional right to be charged by way of

10    indictment by the grand jury, but you may waive that right and

11    consent instead to being charged by way of a bill of

12    information?

13         **THE DEFENDANT:** Yes, Your Honor.

14         **THE COURT:** And do you understand the charges here

15    have been brought by the government by the filing of a

16    criminal information?

17         **THE DEFENDANT:** Yes, Your Honor.

18         **THE COURT:** Do you understand that, unless you waive

19    indictment, you cannot be charged with a felony?

20         **THE DEFENDANT:** Yes, Your Honor.

21         **THE COURT:** You understand, if you do not waive

22    indictment, the government still could present the case to the

23    grand jury and ask the grand jury to indict you?

24         **THE DEFENDANT:** Yes, Your Honor.

25         **THE COURT:** Do you understand that a grand jury is

1    composed of at least 16 and not more than 23 persons, and that

2    at least 12 grand jury members would have to find that there's

3    probable cause to believe that you committed the crime with

4    which you are charged before you could be indicted?

5        **THE DEFENDANT:**  Yes, Your Honor.

6        **THE COURT:**  Do you understand the grand jury might or

7    might not indict you?

8        **THE DEFENDANT:**  Yes, Your Honor.

9        **THE COURT:**  You understand, if you waive indictment

10   by the grand jury, this case will proceed against you on the

11   criminal information just as though you had been indicted?

12       **THE DEFENDANT:**  Yes, Your Honor.

13       **THE COURT:**  Have you discussed this matter of waiving

14   your right to indictment by the grand jury with your attorney?

15       **THE DEFENDANT:**  Yes, Your Honor.

16       **THE COURT:**  And has he answered all your questions?

17       **THE DEFENDANT:**  Yes, Your Honor.

18       **THE COURT:**  Do you understand your right to

19   indictment by the grand jury?

20       **THE DEFENDANT:**  Yes, Your Honor.

21       **THE COURT:**  Have any threats or promises been made to

22   you to induce you to waive indictment?

23       **THE DEFENDANT:**  No, Your Honor.

24       **THE COURT:**  I'm sorry.  What was your answer?

25       **THE DEFENDANT:**  No, there's no threats.  None made to

1   me.

2         **THE COURT:**  Your answer is no; is that right?

3         **THE DEFENDANT:**  Yes, Your Honor, the answer is no.

4         **MR. POMERANTZ:**  The only promise are those reflected

5   in the plea agreement, Your Honor.

6         **THE COURT:**  All right.  The answer is no.

7         Now, do you wish to waive your right to indictment by

8   the grand jury?

9         **THE DEFENDANT:**  Yes, Your Honor.

10        **THE COURT:**  Now, Mr. Pomerantz, do you see any reason

11  why the defendant should not waive indictment?

12        **MR. POMERANTZ:**  No, Your Honor.

13        **THE COURT:**  Thank you.

14        I hereby enter an order then accepting the

15  defendant's waiver of indictment and find that her waiver is

16  knowing and voluntary.

17        Mr. Pomerantz, how does the defendant intend to

18  plead?

19        **MR. POMERANTZ:**  Guilty, Your Honor.

20        **THE COURT:**  Is that correct, ma'am, guilty to Count 1

21  of the information?

22        **THE DEFENDANT:**  Yes, Your Honor.

23        **THE COURT:**  Before accepting your guilty plea, there

24  are a number of questions I'm going to have to ask you in

25  order to assure myself that you're entering a valid plea.  If

1  you do not understand any of my questions, will you let me

2  know so I can rephrase the question?

3          **THE DEFENDANT:**  Yes, Your Honor.

4          **THE COURT:**  And then at any time, if you want to take

5  a break in the proceedings so you can discuss matters in

6  private with your attorney, will you let me know so I can give

7  you that opportunity?

8          **THE DEFENDANT:**  Yes, Your Honor.

9          **THE COURT:**  Thank you.

10          How old are you, ma'am?  How old are you?

11          **THE DEFENDANT:**  I'm 67.

12          **THE COURT:**  And how far did you go in school?

13          **THE DEFENDANT:**  Master's in nursing.

14          **THE COURT:**  Have you taken any drugs, medicine, pills

15  of any kind, or drunk any alcoholic -- alcoholic beverages in

16  the past 24 hours?

17          **THE DEFENDANT:**  No, Your Honor.

18          **THE COURT:**  Have you ever been treated for any mental

19  illness or addiction to narcotic drugs of any kind?

20          **THE DEFENDANT:**  No, Your Honor.

21          **THE COURT:**  Do you understand what's happening today?

22          **THE DEFENDANT:**  Yes, Your Honor.

23          **THE COURT:**  Tell me in your own words what's

24  happening today.  Why are we here?

25          **THE DEFENDANT:**  Because I'm pleading guilty to

```
1    conspiracy to commit fraud with the United States Government.
2          THE COURT:  Does either counsel have any doubt as to
3    the defendant's competence to plead in this matter?
4          MS. OLIVA:  No, Your Honor.
5          MR. POMERANTZ:  No, Your Honor.
6          THE COURT:  Thank you.
7          Based on counsels' representations and my own
8    observation of the defendant, I find that her -- she's
9    competent to plead in this matter.
10         Ms. Huntly, have you had ample opportunity to discuss
11   your case with Mr. Pomerantz?
12         THE DEFENDANT:  Yes, Your Honor.
13         THE COURT:  Are you satisfied to have him as your
14   attorney?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  Do you understand that, under the
17   constitution and laws of the United States, you're entitled to
18   have an attorney represent you at every stage of the
19   proceedings against you?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  Do you also understand, under the
22   constitution and laws of the United States, you are entitled
23   to a trial by jury on the charges contained in the bill of
24   information?
25         THE DEFENDANT:  Yes, Your Honor.
```

1        **THE COURT:**  Do you understand that, in order -- in

2   order to convict you, all of the jurors would have to agree

3   that you are guilty?

4        **THE DEFENDANT:**  Yes, Your Honor.

5        **THE COURT:**  Do you understand that at a trial you

6   would be presumed to be innocent, and the government would

7   have to overcome that presumption and prove you guilty beyond

8   a reasonable doubt by competent evidence and you would not

9   have to prove that you were innocent?

10        **THE DEFENDANT:**  Yes, Your Honor.

11        **THE COURT:**  And do you understand in the course of a

12   trial the witnesses upon whom the government is relying would

13   have to come to court and testify in your presence, and your

14   attorney could cross-examine those witnesses and could object

15   to any evidence offered by the government?

16        **THE DEFENDANT:**  Yes, Your Honor.

17        **THE COURT:**  And do you also understand at a trial

18   your attorney would have the right to call witnesses and to

19   present evidence on your behalf?

20        **THE DEFENDANT:**  Yes, Your Honor.

21        **THE COURT:**  Do you also understand at a trial, while

22   you would have a right to testify if you chose to do so --

23        **THE DEFENDANT:**  Yes, Your Honor.

24        **THE COURT:**  -- you would also have the right not to

25   testify?

2:25-cr-00183-JCM-DJA - July 16, 2025

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  If I accept your guilty plea, do you

3    understand that you'll be waiving or giving up your right to a

4    jury trial and all the other rights I've just discussed?

5          **THE DEFENDANT:**  Yes, Your Honor.

6          **THE COURT:**  Do you understand there'll be no -- no

7    further trial, but I'll simply enter a judgment of guilty and

8    sentence you based on your guilty plea?

9          **THE DEFENDANT:**  Yes, Your Honor.

10          **THE COURT:**  In pleading guilty, do you understand

11    you'll also have to waive your right not to testify against

12    yourself because I'm going to have to ask you questions about

13    what you did in order to satisfy myself that you're guilty as

14    charged?

15          **THE DEFENDANT:**  Yes, Your Honor.

16          **THE COURT:**  And do you understand in order for me to

17    accept your guilty plea, you must admit that you committed the

18    crime charged in Count 1 of the information?

19          **THE DEFENDANT:**  Yes, Your Honor.

20          **THE COURT:**  Are you willing -- willing to give up

21    your right not to testify against yourself in order for me to

22    accept your guilty plea?

23          **THE DEFENDANT:**  Yes, Your Honor.

24          **THE COURT:**  Have you read a copy of the information

25    against you?

2:25-cr-00183-JCM-DJA - July 16, 2025

1        THE DEFENDANT:  Yes, Your Honor.

2        THE COURT:  Have you discussed with your attorney the

3   charge in the information to which you intend to plead guilty?

4        THE DEFENDANT:  Yes, Your Honor.

5        THE COURT:  And, Mr. Pomerantz, does pleading guilty

6   affect this defendant's immigration status?

7        MR. POMERANTZ:  It does not, Your Honor.

8        THE COURT:  You're an American citizen; correct?

9        THE DEFENDANT:  Yes, Your Honor.

10       THE COURT:  And you are charged in Count 1 with

11  violating 18 USC § 371 which makes conspiracy to defraud the

12  United States and pay and receive health care kickbacks a

13  crime.

14        The elements of this offense are, first, the -- with

15  regard to the first object, conspiracy to defraud the

16  United States, first you must prove that there was an

17  agreement between two or more persons to defraud the

18  United States by obstructing the lawful functions of Medicare

19  by deceitful or dishonest means as charged in the information.

20  Second, that the defendant became a member of the conspiracy

21  knowing of at least one of its objects and intending to help

22  accomplish it.  And, third, that one of the members of the

23  conspiracy performed at least one overt act for the purpose of

24  carrying out the conspiracy.

25        With regard to the second object, conspiracy to pay

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

1    and receive health care kickbacks, first, you must prove that

2    the defendant and at least one other person agreed to commit

3    the crime of soliciting, receiving, offering, or paying

4    remuneration for ordering items or referring Medicare

5    beneficiaries for the furnishing of items from which payment

6    may be made in whole or in part by Medicare.  Second, the

7    defendant knew the unlawful purpose of the agreement and

8    joined in it willfully; that is, with the intent to further

9    the unlawful purpose.  And, third, that at least one of the

10   conspirators during the existence of the conspiracy knowingly

11   committed at least one of the overt acts described in the

12   information in order to accomplish some object or purpose of

13   the -- purpose of the conspiracy.

14          Do you understand that all of that is what the

15   government would have to prove in order for you to be

16   convicted of the crime charged in Count 1 of the information?

17          **THE DEFENDANT:**  Yes, Your Honor.

18          **THE COURT:**  Do you know the maximum sentence and fine

19   I might impose on the charge of the information to which

20   you're seeking to plead guilty?

21          **THE DEFENDANT:**  Yes, Your Honor.

22          **THE COURT:**  Are you -- excuse me.  Are you aware the

23   maximum possible penalty for a conviction under Count 1 is a

24   fine of $250,000 or twice the gross gain or gross loss from

25   the crime, a five-year term of imprisonment, or both a fine

1    and imprisonment?

2            **THE DEFENDANT:**  Yes, Your Honor.

3            **THE COURT:**  And do you understand that a special

4    assessment fee of $100 per count will be imposed at the time

5    of sentencing?

6            **THE DEFENDANT:**  Yes, Your Honor.

7            **THE COURT:**  Do you also understand that in every

8    criminal case in which a defendant may be sentenced to more

9    than one year in prison, as in this case, that in addition to

10   any maximum possible penalty the Court may also order a term

11   of supervised release to follow that imprisonment?

12           **THE DEFENDANT:**  Yes, Your Honor.

13           **THE COURT:**  And do you understand that a three-year

14   term of supervised release could be imposed here?

15           **THE DEFENDANT:**  Yes, Your Honor.

16           **THE COURT:**  Do you also understand that, while on

17   supervised release, you would be required to abide by

18   conditions specified by the Court and that supervised release

19   could be revoked if you violated any of those conditions?

20           **THE DEFENDANT:**  Yes, Your Honor.

21           **THE COURT:**  Do you understand if supervised release

22   is revoked for any reason, you may be in prison for the full

23   term of supervised release without credit for time spent on

24   post-release supervision?

25           **THE DEFENDANT:**  Yes, Your Honor.

 1          **THE COURT:**  Do you also understand the combined time

 2   spent in prison under a sentence of imprisonment added to the

 3   time spent in prison if supervised release is revoked could

 4   exceed the term of the original sentence?

 5          **THE DEFENDANT:**  Yes, Your Honor.

 6          **THE COURT:**  And do you also understand the Court may

 7   order you to make restitution to any victim of the offense to

 8   which you're pleading guilty?

 9          **THE DEFENDANT:**  Yes, Your Honor.

10          **THE COURT:**  Do you understand the offense to which

11   you're pleading guilty is a felony offense?

12          **THE DEFENDANT:**  Yes, Your Honor.

13          **THE COURT:**  If your plea is accepted, you'll be

14   adjudged guilty of a felony, and that may deprive you of

15   valuable civil rights such as the right to vote, the right to

16   serve on a jury, or the right to possess any kind of a

17   firearm.  Do you understand that?

18          **THE DEFENDANT:**  Yes, Your Honor.

19          **THE COURT:**  Has anyone threatened you or forced you

20   to plead guilty?

21          **THE DEFENDANT:**  No, Your Honor.

22          **THE COURT:**  Has anyone told you, if you do not plead

23   guilty, further charges will be brought against you?

24          **THE DEFENDANT:**  No, Your Honor.

25          **THE COURT:**  Has anyone told you, if you do not plead

1    guilty, some other adverse action will be taken against you?

2         **THE DEFENDANT:**  No, Your Honor.

3         **THE COURT:**  Is your willingness to plead guilty a

4    result of prior discussions and negotiations between your

5    attorney and the attorneys for the government?

6         **THE DEFENDANT:**  Yes, Your Honor.

7         **THE COURT:**  Do you understand that plea agreements

8    are permissible and that you and all the attorneys have a duty

9    to disclose to the Court the existence of a plea agreement and

10   the terms of that agreement?

11        **THE DEFENDANT:**  Yes, Your Honor.

12        **THE COURT:**  Ms. Huntly, has your attorney entered

13   into a written plea agreement on your behalf with the

14   government?

15        **THE DEFENDANT:**  Yes, Your Honor.

16        **THE COURT:**  Did you sign the plea agreement?

17        **THE DEFENDANT:**  Yes, Your Honor.

18        **THE COURT:**  Before you signed it, did you read it?

19        **THE DEFENDANT:**  Yes, Your Honor.

20        **THE COURT:**  Did you understand all the terms of the

21   plea agreement?

22        **THE DEFENDANT:**  Yes, Your Honor.

23        **THE COURT:**  Did you discuss it with your attorney?

24        **THE DEFENDANT:**  Yes, Your Honor.

25        **THE COURT:**  And has he answered all your questions?

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  What's the substance of the plea

3     agreement?

4          **MS. OLIVA:**  Thank you, Your Honor.

5          Your Honor, the parties have entered into a plea

6     agreement through which Ms. Huntly knowingly and voluntarily

7     agrees to plead guilty to a one-count criminal information.

8     As noted on pages 1 to 2 of the plea agreement, this agreement

9     is not binding on the Court.

10         The information charges Ms. Huntly with conspiracy to

11    defraud the United States and pay and receive health care

12    kickbacks that is in violation of Title 18 United States Code

13    § 371 and Title 42 United States Code § 1320a-7b(b)(1) and

14    (b)(2).  The elements of this offense are set forth on pages 4

15    to 5 of the plea agreement.

16         By pleading guilty, Ms. Huntly admits under penalty

17    of perjury to the factual basis set forth on pages 8 to 10 of

18    the plea agreement and that these facts satisfy every element

19    of the charged offense.

20         Ms. Huntly agrees to pay restitution as set forth on

21    page 6, and she agrees to forfeiture as set forth on pages 15

22    through 21.

23         As outlined on page 11 of the plea agreement, the

24    parties stipulate to the base offense level of 8, an

25    enhancement of plus 18 for improper benefit conferred more

1  than $3.5 million, and an enhancement of plus 2 for abuse of

2  trust.  This results in an adjusted offense level of 28, and

3  that is before the application of a two-level reduction, if

4  available, under United States Sentencing Guideline § 4C1.1.

5  This is also before a reduction, if available, for acceptance

6  of responsibility.

7          The parties reserve the right to argue whether other

8  specific offense characteristics, adjustments, and departures

9  under the sentencing guidelines are appropriate.

10          The parties further agree that, if at the time of

11  sentencing the District Court determines that Ms. Huntly has

12  not received any criminal history points, the parties will

13  jointly recommend that Ms. Huntly receive a two-level

14  reduction under U.S. Sentencing Guidelines § 4C1.1(a).

15          The U.S. Attorney's Office will recommend a two-level

16  reduction for acceptance of responsibility so long as the

17  conditions set forth on page 12 of the plea agreement are met.

18  And if the District Court determines that Ms. Huntly's total

19  offense level before acceptance of responsibility is 16 or

20  higher, the USAO will move for an additional one-level

21  downward adjustment for acceptance of responsibility and,

22  again, that is so long as the conditions on page 12 of the

23  plea agreement are met.

24          The government will argue for a sentence that is at

25  the low end of the advisory guidelines range as determined by

1    the District Court.  Ms. Huntly may argue for a downward

2    variance pursuant to Title 18 United States Code § 3553.

3            If Ms. Huntly commits any act that results in the

4    Court finding she is not entitled to a downward adjustment for

5    acceptance of responsibility, the USAO is entitled to argue

6    for any sentence it deems appropriate under Title 18 United

7    States Code § 3553(a).

8            In any such event, Ms. Huntly remains bound by the

9    provisions of the plea agreement, and she'll not have the

10   right to withdraw her guilty plea.

11           By pleading guilty, Ms. Huntly waives the

12   constitutional rights listed on page 14 of the plea agreement;

13   for example, the right to a trial.  And Ms. Huntly also waives

14   the rights to appeal set forth on page 15 of the plea

15   agreement.

16           Thank you, Your Honor.

17           **THE COURT:**  Thank you.

18           Mr. Pomerantz, do you agree the substance of the plea

19   agreement has been correctly stated?

20           **MR. POMERANTZ:**  It has been, Your Honor.  Thank you.

21           **THE COURT:**  Ms. Huntly, is that your understanding of

22   the terms to which you agreed in order to resolve the criminal

23   charges against you?

24           **THE DEFENDANT:**  Yes, Your Honor.

25           **THE COURT:**  Has anyone made any promise to you other

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

1  than those set forth in the plea agreement that induced you to

2  plead guilty?

3          **THE DEFENDANT:**  No, Your Honor.

4          **THE COURT:**  Do you understand that any recommendation

5  of sentence agreed to by your attorney and the attorney for

6  the government is not binding on the Court and that you might,

7  on the basis of your plea agreement, receive a more severe

8  sentence than that requested or recommended?  Do you

9  understand that?

10         **THE DEFENDANT:**  Yes, Your Honor.

11         **THE COURT:**  You understand, if that were to happen,

12 you would not have the right to withdraw your guilty plea?

13         **THE DEFENDANT:**  Yes, Your Honor.

14         **THE COURT:**  Other than those set forth in the plea

15 agreement, has anyone made any prediction or promise to you as

16 to what your sentence will be?

17         **THE DEFENDANT:**  No, Your Honor.

18         **THE COURT:**  Under the Sentencing Reform Act of 1984,

19 the United States Sentencing Commission has issued advisory

20 guidelines for judges to follow in determining the appropriate

21 sentence in criminal cases.  Have you and your attorney talked

22 about how those Sentencing Commission guidelines might apply

23 to the facts of your case?

24         **THE DEFENDANT:**  Yes, Your Honor.

25         **THE COURT:**  And has he answered all your questions?

2:25-cr-00183-JCM-DJA - July 16, 2025

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand the Court will not be

3     able to determine the appropriate guideline sentence for your

4     case until after the presentence report has been completed?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you also understand after it has been

7     determined what guideline applies to your case, I have the

8     discretion to impose what I consider to be a reasonable

9     sentence, but it may be a sentence that is in excess of the

10    sentence called for by the guidelines?  Do you understand

11    that?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you understand, if that were to

14    happen, you would not have the right to withdraw your guilty

15    plea?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Do you also understand under some

18    circumstances, to the extent you've not waived the right, you

19    or the government may have the right to appeal any sentence

20    that I impose?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  If I understand your plea agreement

23    correctly, at section IX, paragraph 23, at page 15 --

24    that's IX, paragraph 3 -- paragraph 23, page 15 -- you've

25    waived the right to -- you've waived the right to appeal any

1  sentence imposed within or below the sentencing guideline

2  range as determined by the Court; you've waived the right to

3  appeal the manner in which the Court determined that sentence

4  on the grounds set forth in 18 USC § 3742; and you've waived

5  the right to appeal any other aspect of the conviction,

6  including but not limited to the constitutionality of the

7  statutes of conviction and any order of restitution or

8  forfeiture.  You've also knowingly and expressly waived all

9  collateral challenges, including any claims under 28 USC

10  § 2255 to your conviction, sentence, and the procedure by

11  which the Court adjudicated guilt and imposed sentence except

12  for nonwaivable claims of ineffective assistance of counsel.

13  Is that correct, and did you do that freely and voluntarily?

14          **THE DEFENDANT:**  Yes, Your Honor.

15          **THE COURT:**  Do you also understand that parole has

16  been abolished, and if you are sentenced to prison you will

17  not be released on parole?

18          **THE DEFENDANT:**  Yes, Your Honor.

19          **THE COURT:**  You also understand that any relevant

20  conduct of yours, whether charged in the information or not,

21  might still be considered in the presentence report and might

22  increase the sentence to be imposed by the Court?

23          **THE DEFENDANT:**  Yes, Your Honor.

24          **THE COURT:**  And do you understand, if that were to

25  happen, you would not have the right to withdraw your guilty

2:25-cr-00183-JCM-DJA - July 16, 2025

```
 1   plea?

 2           THE DEFENDANT:  Yes, Your Honor.

 3           THE COURT:  And, Mr. Pomerantz, in your plea packet

 4   there's a written summary of the government's evidence against

 5   this defendant to support her guilty plea.  Do you agree with

 6   that summary?

 7           MR. POMERANTZ:  Yes, sir.

 8           THE COURT:  And, Ms. Huntly, do you agree with the

 9   summary about what you did?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  Do you have any -- excuse me.  Do you

12   have any questions about the summary?

13           THE DEFENDANT:  No, Your Honor.

14           THE COURT:  How do you plead then to Count 1, guilty

15   of not guilty?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Are you pleading guilty because in truth

18   and fact you are guilty and for no other reason?

19           THE DEFENDANT:  Yes, Your Honor.

20           MR. POMERANTZ:  Your Honor, may I interrupt for a

21   second?  I think you asked a question how does she plead, and

22   I think she said "Yes, Your Honor."  Just so the record is

23   clear, I think she needs to say "I'm pleading guilty in this

24   case."

25           THE DEFENDANT:  Oh.  I'm pleading guilty --
```

2:25-cr-00183-JCM-DJA - July 16, 2025

1      THE COURT:  Is that --

2      THE DEFENDANT:  -- in this case.

3      THE COURT:  -- correct?

4      THE DEFENDANT:  Yes.

5      THE COURT:  All right.

6      MR. POMERANTZ:  I apologize.

7      THE COURT:  That's fine.  No, I want a -- I want a

8  clean record.  I want a valid record.

9          You understand, ma'am?

10      THE DEFENDANT:  Yes, Your Honor.

11      THE COURT:  Okay.  Are you pleading guilty because in

12  truth and fact you are guilty and for no other reason?

13      THE DEFENDANT:  Yes, Your Honor.

14      THE COURT:  Tell me in your own words what you did

15  that has convinced you to plead guilty?

16      THE DEFENDANT:  I conspired --

17      THE COURT:  Let me do it this way.  Do you admit that

18  the statement of facts contained in the plea agreement at § V,

19  pages 8 through 10, is true and correct?

20      THE DEFENDANT:  Yes, Your Honor.

21      THE COURT:  Do you admit that beginning in or around

22  July 2022 and continuing through, in, or around April 2024

23  within the District of Nevada and elsewhere you knowingly and

24  willfully conspired with others to defraud the United States

25  and to offer, pay, solicit, and receive illegal health care

```
 1   kickbacks in violation of Title 18 United States Code § 371?
 2   Is that true?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  Do you admit that you are a licensed
 5   nurse practitioner in Nevada?
 6              THE DEFENDANT:  Yes, Your Honor.
 7              THE COURT:  And do you admit that the -- the entity
 8   known as Company 1 in the plea agreement was an enrolled
 9   Medicare provider, and you submitted claims to Medicare for
10   payment and was a provider of products, including amniotic
11   wound allografts distributed and sold by Company 3?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  Allografts is spelled
14   a-l-l-o-g-r-a-f-t-s.  What's an allograft, just out of --
15              MR. POMERANTZ:  A skin -- a skin graft.
16              THE COURT:  Skin graft.  Okay.
17              And you said yes; correct?
18              THE DEFENDANT:  Yes, Your Honor.
19              THE COURT:  Did you admit that you owned Company 1?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  Do you admit that Company 2 was owned by
22   Sales Representative 1 and was a marketer -- a marketer of
23   amniotic wound allografts, including allografts sold by
24   Company 3?
25              THE DEFENDANT:  Yes, Your Honor.
```

```
1            THE COURT:  And do you admit that Company 3 was a
2    wholesale distributor of various amniotic wound allografts?
3            THE DEFENDANT:  Yes, Your Honor.
4            THE COURT:  Do you admit that you agreed with Sales
5    Representative Number 1 and others to order and apply
6    allografts billed to Medicare that were medically unreasonable
7    and unnecessary, ineligible for Medicare reimbursement, and
8    you procured -- and were procured through kickbacks and
9    bribes?  Do you admit that?
10           THE DEFENDANT:  Yes, Your Honor.
11           THE COURT:  Do you admit that Company 1 purchased
12   allografts from Company 3 that were ordered and applied by you
13   and other providers?  Is that true?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  Do you admit that when Company 1
16   purchased allografts from Company 3, you and Company 1
17   received illegal kickbacks from Company 3 in exchange for
18   ordering and purchasing the allografts, and Company 2 and
19   Sales Representative 1 received illegal kickbacks from Company
20   3 in exchange for arranging for and recommending the allograft
21   orders and purchasers?  Is that true?
22           THE DEFENDANT:  Yes, Your Honor.
23           THE COURT:  And is it true that you admit that in
24   furtherance of the conspiracy and to effect the objects of the
25   conspiracy, you and your co-conspirators committed or caused
```

1  to be committed various acts in the District of Nevada and

2  elsewhere, including but not limited to the following...

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Hold on.  I've got a list here to go --

5  to run down.

6          MR. POMERANTZ:  Your Honor --

7      (Simultaneous crosstalk.)

8          THE COURT:  On or around July 17, 2022, you signed a

9  rebate agreement with Company 3 for the purchase of amniotic

10  allografts.  On or about September 23, 2022, Company 3

11  provided you an invoice showing the full price of the amniotic

12  allografts to be applied to Medicare Beneficiary 1.

13          THE DEFENDANT:  Yes, Your Honor.

14          MR. POMERANTZ:  Your Honor, just as a suggestion, in

15  the interest of saving time, I think Ms. Huntly would

16  stipulate to those overt acts on pages 9 and 10.  If

17  Your Honor would prefer to go through them, of course we

18  defer --

19          THE COURT:  Any objection to that?

20          MS. OLIVA:  No, Your Honor.

21          THE COURT:  All right.  So then we'll just take

22  that -- we'll accept that stipulation.

23          So the final one in that list, if I'm -- correct me,

24  Mr. Pomerantz, if I missed something, if I misspoke, but it

25  begins in paragraph -- October 4th, 2023.

2:25-cr-00183-JCM-DJA - July 16, 2025

1      MR. POMERANTZ:  Yes, sir.

2      THE COURT:  That's the last one; right?

3      MR. POMERANTZ:  Yes, sir.

4      THE COURT:  All the allografts down to that level.

5   October 4, 2023, is the final one; correct?

6      MR. POMERANTZ:  Yes.

7      THE COURT:  Okay.  Do you admit that approximately --

8   from approximately 20 -- let me try it again.  Do you admit

9   that from approximately September 2022 through approximately

10  April 2024 you caused Company 1 to bill Medicare approximately

11  $14,333,550 for -- for allografts purchased from Company 3 and

12  applied by you and other providers that were medically

13  unreasonable and unnecessary and ineligible for Medicare

14  reimbursement and/or procured through kickbacks and bribes?

15  Is that true?

16     THE DEFENDANT:  Yes, Your Honor.

17     THE COURT:  Do you admit that Medicare paid Company 1

18  approximately $9,105,563 based on those false and fraudulent

19  claims?

20     THE DEFENDANT:  Yes, Your Honor.

21     THE COURT:  And do you also admit that $9,105,563 is

22  the total improper benefit conferred that was attributable to

23  your conduct?  Is that true?

24     THE DEFENDANT:  Yes, Your Honor.

25     THE COURT:  Do you admit that because the Medicare

2:25-cr-00183-JCM-DJA - July 16, 2025

1  program depends on -- upon the honesty of medical providers

2  who submit claims, you abused a position of trust under

3  Sentencing Guideline § 3B1.3?  Is that true?

4          **THE DEFENDANT:**  Yes, Your Honor.

5          **THE COURT:**  Yes?

6          **THE DEFENDANT:**  Yes, Your Honor.

7          **THE COURT:**  Do you admit the government can prove all

8  of these facts beyond a reasonable doubt?

9          **THE DEFENDANT:**  Yes, Your Honor.

10          **THE COURT:**  Is that sufficient for the government?

11          **MS. OLIVA:**  Yes.  Thank you, Your Honor.

12          **THE COURT:**  Thank you.

13          All right.  Ms. Huntly, because you acknowledge that

14  you are in fact guilty as charged in Count 1, since you know

15  your right to trial, what the maximum possible punishment is,

16  and since you're -- since you're voluntarily pleading guilty,

17  I will conditionally accept your guilty plea.  It is the

18  finding of the Court in the case of the *United States versus*

19  *Mary Huntly* that the defendant is fully competent and capable

20  of entering an informed plea and that her plea of guilty is a

21  knowing and voluntary plea supported by an independent basis

22  in fact containing the essential elements of the offense

23  charged.  As I said, her plea is, therefore, conditionally

24  accepted.

25          Ms. Huntly, I'm now going to order a Presentence

1    Investigation Report.  I urge your full and complete

2    cooperation in providing information for the report because

3    obviously the terms of it are important to the Court in

4    determining what your sentence will be.  I want you to

5    understand that any time you meet with the probation officer

6    to provide information for the report, you have the right to

7    have your attorney present with you.  Do you understand all of

8    that?

9            **THE DEFENDANT:**  Yes, Your Honor.

10           **THE COURT:**  Then prior to the sentencing hearing

11   you'll have the opportunity to read, review, and comment upon

12   the presentence report.  Finally, at the sentencing hearing

13   you may address the Court, you may have Mr. Pomerantz speak on

14   your behalf, or both of you may speak.  It's your option.  Do

15   you understand that?

16           **THE DEFENDANT:**  Yes, Your Honor.

17           **THE COURT:**  I want you to understand this presentence

18   report may have some importance to you that continues beyond

19   the sentencing date.  If you are sentenced to prison, this

20   report follows you throughout your term of incarceration, and

21   any time the people at the Federal Bureau of Prisons need to

22   make any decision at all about you, the very first document

23   they always consult is the presentence report.  So it's

24   important that it be complete and accurate.  Do you

25   understand?

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  All right.  Madam Clerk, would you give

3    us a sentencing date?

4          **COURTROOM ADMINISTRATOR:**  Your Honor, I have

5    October 15th, 2025, at 10:00 a.m. in this courtroom.

6          **THE COURT:**  October 15th.  What time?

7          **COURTROOM ADMINISTRATOR:**  10:00 a.m. Your Honor.

8          **THE COURT:**  10:00 a.m.

9          All right.  Anything -- take a moment.  Anything else

10   to come before the Court?

11         **MS. OLIVA:**  Your Honor, Pretrial Services is not

12   here, but the government recommends that Ms. Huntly be ordered

13   released on a personal recognizance bond with no supervision.

14         **MR. POMERANTZ:**  No objection, Your Honor.  This is

15   her first appearance before the Court.

16         **THE COURT:**  I wouldn't imagine there was any

17   objection to that.  So that will be the order of the Court

18   then.

19         **MS. OLIVA:**  Thank you, Your Honor.

20         **MR. POMERANTZ:**  Thank you, Your Honor.

21         **THE COURT:**  Thank you.

22         All right.  Anything else to come before the Court?

23         **MR. POMERANTZ:**  No, sir.  Thank you.

24         **THE COURT:**  Oh, and here.  There's that.

25         **COURTROOM ADMINISTRATOR:**  I also have a bond for you

2:25-cr-00183-JCM-DJA - July 16, 2025

```
1   to sign.
2          THE COURT:  Everybody just be at ease for a minute.
3   Let me --
4          COURTROOM ADMINISTRATOR:  That's the personal
5   recognizance bond.
6          THE COURT:  Okay.  And I'll have her sign first.
7          COURTROOM ADMINISTRATOR:  Okay.
8       (Pause in proceedings.)
9          MR. POMERANTZ:  Thank you.
10         COURTROOM ADMINISTRATOR:  Here you go, Judge.
11         THE COURT:  Okay.  Thank you.
12         COURTROOM ADMINISTRATOR:  And she has to go to the
13  second floor to the Marshals Office for processing.
14         THE COURT:  Oh.  Did you -- could you hear that?
15         MR. POMERANTZ:  I did, Your Honor.  We will --
16         THE COURT:  Second floor for processing.
17         MR. POMERANTZ:  Yes.
18         THE COURT:  You understand that, ma'am?
19         THE DEFENDANT:  Yes, Your Honor.
20         THE COURT:  After you leave here, will you go down
21  there and -- and undergo processing?
22         MR. POMERANTZ:  Yes, sir.
23         THE COURT:  Yes?
24         THE DEFENDANT:  Yes, Your Honor.
25         THE COURT:  Thank you.
```

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

2:25-cr-00183-JCM-DJA - July 16, 2025

1    **COURTROOM ADMINISTRATOR:**  Thank you, Judge.

2    **THE COURT:**  Thank you.

3    Anything else to come before the Court then?

4    **MS. OLIVA:**  Nothing from the government.  Thank you,

5    Your Honor.

6    **MR. POMERANTZ:**  No, Your Honor.  Thank you.

7    **THE COURT:**  Thank you.  We'll be in recess.

8    **COURTROOM ADMINISTRATOR:**  Please rise.

9    *(Proceedings adjourned at 10:35 a.m.)*

10   --o0o--

11   COURT REPORTER'S CERTIFICATE

12

13   I, AMBER M. McCLANE, Official Court Reporter, United

14   States District Court, District of Nevada, Las Vegas, Nevada,

15   do hereby certify that pursuant to 28 U.S.C. § 753 the

16   foregoing is a true, complete, and correct transcript of the

17   proceedings had in connection with the above-entitled matter.

18

19   DATED:  7/16/2025

20

21   /s/_____*Amber M. McClane*_____
                AMBER McCLANE, RPR, CRR

22

23

24

25

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR