UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARY HUNTLY, <br><br> Defendant. | 2:25-CR-183-JCM-DJA <br><br> **Preliminary Order of Forfeiture** |

This Court finds Mary Huntly pled guilty to Count One of a One-Count Criminal Information charging her with conspiracy to defraud the United States and pay and receive health care kickbacks in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(1) and (b)(2). Criminal Information, ECF No. 10; Arraignment & Plea ECF No. 11; Plea Agreement, ECF No. 6.

This Court finds Mary Huntly agreed the court can forfeit specific property and impose an in personam criminal forfeiture money judgment on assets not currently identified as specific property subject to forfeiture or cannot currently calculate the total amount of the in personam criminal forfeiture money judgment under Fed. R. Crim. P. 32.2(b)(2)(C). Criminal Information, ECF No. 10; Arraignment & Plea, ECF No. 11; Plea Agreement, ECF No. 6.

The following property and in personam criminal forfeiture money judgment amount, yet to be identified and calculated, are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 42 U.S.C. § 1320a-7b(b)(1) and (b)(2), specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or 18 U.S.C. § 371, conspiracy to

commit such offense and (2) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(1) and (b)(2), involving a Federal health care offense as defined in 18 U.S.C. § 24 and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p):

    a. any and all property with the requisite nexus to violations of 18 U.S.C. § 371 under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C); and

    b. an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property).

    This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

    This Court finds the United States of America is entitled to, and will reduce the specific property when it is identified, to the possession of the United States of America.

    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America will seize the specific property when it is identified.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Mary Huntly an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under the forfeiture statutes, 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2)(C).

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Mary Huntly in the specific

property to be identified are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED July 25, 2025.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

3